**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| ASSURANCE COMPANY OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WOMEN'S CARE, P.A., JOHN T. )<br>SCHROLL, and ANGELA CADY, )<br>)<br>Defendants. )<br>) | Case No. 08-2420 |

**MEMORANDUM AND ORDER**

Plaintiff Assurance Company of America filed a complaint for a declaratory judgment that it is not obligated to defend or indemnify Defendants Women's Care, P.A. and Dr. John T. Schroll in a civil action brought against them by Defendant Angela Cady. Women's Care has filed a motion to dismiss the complaint against it, arguing that a declaratory judgment is inappropriate and unnecessary at this time. For the reasons explained below, the motion to dismiss is granted.

**1.   Background**

During a 2004 pregnancy, Ms. Cady was a patient of Dr. Schroll, an obstetrician/gynecologist employed by Women's Care. In January 2006, Ms. Cady filed a lawsuit in Johnson County court, alleging improper behavior by Dr. Schroll while Ms. Cady was under his care. *Cady v. Schroll*, Case No. 06-CV-095. Her complaint raised

claims of medical negligence, negligent infliction of emotional distress, negligent supervision, and intentional infliction of emotional distress against Dr. Schroll, Women's Care, and seven other doctors employed by Women's Care.

Women's Care's malpractice insurer, Intermed Insurance Company, defended it in the *Cady* action. At Intermed's request, Women's Care reported the *Cady* action to Assurance Company, its commercial general liability insurance carrier, requesting defense and indemnity. Assurance denied coverage on the claim.

In June 2006, the state court dismissed the claims against all individual doctors except Dr. Schroll and dismissed all counts against Women's Care except for the negligent supervision claim. Later in November 2008, the state court granted summary judgment for Women's Care on the remaining claim against it. Thus, the only pending causes of action in *Cady v. Schroll* are three tort claims against Dr. Schroll.

Assurance filed this action seeking a declaratory judgment that it is not responsible for defending Women's Care or Dr. Schroll in the *Cady* action, and also that it is not obligated to pay any amounts arising out of that lawsuit. Women's Care seeks to be dismissed from this action. Women's Care argues that a declaratory judgment as to it is improper because it has obtained judgment in the *Cady* action and is therefore no longer involved in a case or controversy with Assurance.

**2.    Declaratory Judgment Act**

As the language of the Declaratory Judgment Act makes clear, the Court must consider both jurisdiction and the prudence of maintaining the action: "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. 2201(a); *Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir.1989).

Thus, the court must analyze two separate hurdles in a declaratory judgment action. *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008); *Kunkel*, 866 F.2d at 1273. First, the case must be based on an "actual controversy," a requirement the Supreme Court has repeatedly equated to the Constitution's case-or-controversy requirement. *Surefoot*, 531 F.3d at 1240; *see, e.g., Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937) ( "The Declaratory Judgment Act of 1934, in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense."). "Second, even where a constitutionally cognizable controversy exists, the Act stipulates only that district courts 'may'–not 'must'–make a declaration on the merits of that controversy; accordingly, we have held that district courts are entitled to consider a number of case-specific factors in deciding whether or not to exercise their statutory declaratory judgment authority." *Surefoot*, 531 F.3d at 1240; *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982-83 (10th Cir.1994)

(stating that "the district court is not obliged to entertain every justiciable claim brought before it" and setting out the factors that a district court should consider).

### a.  Jurisdiction

The subject matter jurisdiction of this Court is limited by article III, § 2 of the United States Constitution, which allows judicial consideration of "cases" or "controversies."  *Kunkel*, 866 F.2d at 1273.  Thus, a declaratory judgment action must be "definite and concrete, touching the legal relations of parties having adverse legal interests, must be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Surefoot*, 531 F.3d at 1244 (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)) (internal quotation marks omitted).  Thus, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127.

The existence of a case or controversy is a matter of degree. *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).  The test does not "draw the brightest of lines between those declaratory judgment actions that satisfy the case-or-controversy requirement and those that do not." *Id.*  And the burden of establishing an actual case or controversy is on the party seeking declaratory judgment. *Cardinal Chem. v. Morton Intl.*, 508 U.S. 83, 95 (1993).

Women's Care asserts that it is no longer a part of the *Cady* action, having obtained either dismissal or judgment in its favor on all counts, and thus there is no need for a declaratory judgment action against it. As such, Women's Care maintains that there is no controversy between it and Assurance, and it asks this court to dismiss the declaratory judgment.

Assurance admits that all defense costs incurred to date have been paid by someone else. But, according to Assurance, Women's Care has not provided any assurance that it or Intermed, its malpractice insurer, will not pursue Assurance for past defense costs, or future defense costs and indemnity that might eventually arise. Thus, Assurance asserts, a declaratory judgment action is proper now; it need not wait until Women's Care or Intermed opts to seek reimbursement of the defense costs for the declaratory judgment claim to mature.

Assurance is correct that a declaratory judgment action may properly be decided even though its liability is contingent on some future event or request for defense or indemnification. *Allendale Mutual Ins. Co. v. Kaiser Engineers*, 804 F.2d 592, 594 (10th Cir. 1986). Indeed many declaratory judgment actions involving insurance companies are brought when liability is only a possibility that might eventually arise. *See, e.g.*, *Id.* (citing cases); *Id.* at 595 (holding that insurer was allowed to bring declaratory judgment action even though the judgment imposing liability might be appealed and reversed); *Executive Risk Indemnity, Inc. v. Sprint Corp.*, 282 F. Supp. 2d 1196, 1197-99 (D. Kan.

2003) (allowing declaratory judgment action brought by liability insurer to determine which policy governed its obligations in a lawsuit arising from a proposed merger).

But here, Women's Care itself has no reason to challenge Assurance's claim denial. Intermed provided a defense for Women's Care in the *Cady* action, which has concluded so far as Women's Care is concerned. And Women's Care has no judgment against it in the underlying action for which it might seek indemnification.

Assurance suggests that a question may arise about whether Assurance is liable for future costs and damages, presumably relating to a hypothetical appeal in the *Cady* action. But that possibility does not raise a question of "substantial controversy," "of sufficient immediacy and reality" to warrant a declaratory judgment. *MedImmune*, 549 U.S. at 127. The chance of an appeal, a reversal by the appellate court, and a judgment at the trial court against Women's Care does not create a "definite and concrete" legal issue. *Surefoot*, 531 F.3d at 1244. *See, e.g.*, *Nat'l Union Fire Ins. Co. v. Continental Ill. Corp.*, 110 F.R.D. 615, 619 (N.D. Ill. 1986) (finding no case or controversy because the lawsuit against the insured parties had been dismissed).

Assurance also laments Women's Care's failure to promise not to seek recovery from it. Women's Care asserts, however, that it only submitted the claim to Assurance at the request of Intermed and that it cannot take any action here that would hinder any future interest Intermed might have. Regardless, it is unrealistic to require that Women's Care or Intermed relinquish any possible future claim should the contingencies outlined above occur. *Nat'l Union*, 110 F.R.D. at 619. And their failure to do so now does not

6

transform Assurance's hypothetical concerns into substantial and immediate legal issues. *Id.*

Assurance bears the burden of establishing an actual case or controversy against Women's Care, *Cardinal Chem.*, 508 U.S. at 95. And it has failed to do so.

### b. Discretion

Even assuming this case presented a case or controversy, this court is disinclined to decide the declaratory judgment issues given the equitable considerations.

Even where subject matter jurisdiction exists, "the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Because it is an enabling act, it does not confer an absolute right upon a litigant. *Green v. Mansour*, 474 U.S. 64, 72 (1985). The propriety of maintaining a declaratory judgment action may turn on equitable considerations. *Id.*

Nevertheless, "a District Court cannot decline to entertain such an action as a matter of whim or personal disinclination." *Pub. Affairs Assocs. v. Rickover*, 369 U.S. 111, 112 (1962). The Tenth Circuit has provided a number of factors a trial court may consider in weighing whether to proceed with a declaratory judgment action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena of a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction;

and [5] whether there is an alternative remedy which is better or more effective. *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir.1995) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir.1994)).

Assuming this action presented a case or controversy, the court would not exercise its discretion to decide the issues, because of the same concerns enumerated above. This declaratory judgment action would not settle any controversy or serve any useful purpose because, as noted above, there is no immediate underlying issue that needs to be settled. Assurance has not incurred any expenses relating to the *Cady* action; Women's Care is no longer a party to that action, so it is not incurring new defense costs, and it has no judgment entered against it that might require indemnification. The possibility of Assurance's liability is too remote to warrant a declaratory judgment at this point in time.

Moreover, the court is sympathetic to Women's Care's position that, although it cannot take any action here to prejudice any right Intermed may have in the future, it should not be required to defend this declaratory judgment action. Indeed Women's Care goes so far as to suggests instead that Intermed should be the proper defendant in this action. Given that Women's Care has been defended in the *Cady* action and has no claims pending against it, it seems particularly inequitable to force it to litigate here when any claim that might arise against Assurance would likely not come from Women's Care.

8

**IT IS THEREFORE ORDERED BY THE COURT** that Women's Care Motion to Dismiss (Doc. 15) is granted, and the declaratory judgment complaint against it is dismissed.

**IT IS SO ORDERED** this 21st day of May, 2009.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge